CAHEN and Others v. MAHONEY.

No. 9850; September 16, 1886.

12 Pac. 300.

**Attachment — Dissolution — Affidavits — Counter-affidavits.—** Where, upon a motion to dissolve an attachment, the counter-affidavits of the defendant are fully answered by the affidavits produced in behalf of plaintiffs, the court has no right to disregard or discredit the showing on behalf of plaintiffs, and, on appeal, the order dissolving the attachment will be reversed.

**Attachment—Dissolution.—The Undertaking in This Case** executed by the plaintiffs examined, and held to be sufficient.

APPEAL from Superior Court, Stanislaus County.

This was an attachment sued out by the plaintiffs against the defendant upon an alleged indebtedness. The affidavit required by law was made and filed in the cause, and an undertaking was executed by the plaintiffs in the following words:

"Whereas, the above-named plaintiffs have commenced, or are about to commence, an action in the superior court of the county of Stanislaus, state of California, against the above-named defendant, upon a contract for the direct payment of money, claiming that there is due to the said plaintiffs by the said defendant the sum of seven hundred and fourteen and 57-100 dollars of the United States, besides interest, and are about to apply for an attachment against the property of the said defendant as security for the satisfaction of any judgment that may be recovered therein, now, therefore, we, the undersigned, residents of the said county of Stanislaus, in consideration of the premises, and of the issuing of said attachment, do jointly and severally undertake, in the sum of five hundred dollars, and promise to the effect, that if the said defendant recovers judgment in said action, the said plaintiffs will pay all costs that may be awarded to the said defendant, and all damages which he may sustain by reason of the said attachment, not exceeding the sum of five hundred dollars.

"Dated the twenty-sixth day of September, 1884.

[Signed]   "C. A. STONESIFER.   [Seal]

"J. C. TRANER."      [Seal]

The justification and verification were as follows:

"C. A. Stonesifer and J. C. Traner, the sureties whose names are subscribed to the above undertaking, being severally duly sworn, each for himself says that he is a resident and free, state of California, and is worth the sum in said undertaking specified as the penalty thereof, over and above all his just debts and liabilities, exclusive of property exempt from execution.

[Signed]   "C. A. STONESIFER.
"J. C. TRANER.

"Subscribed and sworn to before me this twenty-sixth day of September, 1884.

[Signed]   "WM. O. MINOR.
"Notary Public."

Affidavits and counter-affidavits were filed by both plaintiffs and defendant in support of their respective claims and defenses; and at the November term, 1884, the defendant moved the court to dissolve the attachment on several grounds; among them, that no sufficient or proper undertaking was made or filed, and that the pretended undertaking was not properly verified or justified. The court below dissolved the attachment, and from this judgment plaintiffs appealed.

C. A. Stonesifer and William O. Minor for appellants, Cahen and others; Stanton L. Carter for respondent, Mahoney.

By the COURT.—The court erred in dissolving the attachment in this case. The affidavit of the defendant was fully answered by the affidavits produced on behalf of plaintiffs. The court had no right to disregard or discredit the showing on behalf of plaintiffs. The undertaking was sufficient. Order reversed.